# In the United States District Court
# for the Southern District of Georgia
# Savannah Division

DOUGLAS BURGESS, JR.,

    Plaintiff,

    v.

ATTORNEY BARBARA B. BRAZIEL and SERVBANK,[1]

    Defendants.

CV 4:25-143

## ORDER

Before the Court are Defendants Barbara Braziel and Servbank's motions to dismiss, dkt. nos. 16, 30, 34, as well as Plaintiff Douglas Burgess's motion for leave to file a second amended complaint, dkt. no. 26, and motion for reconsideration, dkt. no. 28. The motions have been fully briefed and are ripe for review. See Dkt. Nos. 19, 31, 32, 35.

## BACKGROUND[2]

This action arises from Defendants' handling of Plaintiff's underlying bankruptcy case. In June 2023, Plaintiff retained Defendant Braziel to represent him in a Chapter 13 bankruptcy

---

[1] The Clerk is **DIRECTED** to correct the spelling of Defendants' names on the record.
[2] At this stage, the Court must "accept all factual allegations in a complaint as true[,] and take them in the light most favorable to [the] plaintiff[.]" Dusek v. JPMorgan Chase & Co., 832 F.3d 1243, 1246 (11th Cir. 2016).

matter. Defendant Servbank, a mortgage servicing company, served as a creditor in the bankruptcy case. Plaintiff generally alleges that Defendant Braziel mishandled his case and that Servbank mishandled and misapplied Plaintiff's mortgage payments and wrongfully threatened foreclosure. Plaintiff's bankruptcy case is ongoing. See In re Burgess, No. 23-40500 (S.D. Ga. June 13, 2023).

Plaintiff, proceeding *pro se*, initiated this civil action against Defendants on June 18, 2025. Dkt. No. 1. In his initial complaint, Plaintiff brought state-law claims of legal malpractice, breach of fiduciary duty, and professional negligence. Dkt. No. 1-2 at 3. Plaintiff based this Court's subject matter jurisdiction on diversity of citizenship, despite recognizing that both Plaintiff and Defendant Braziel are citizens of Georgia. Id. at 1-2. On August 7, 2025, Defendant Braziel moved to dismiss Plaintiff's complaint for lack of subject matter jurisdiction, noting the lack of complete diversity between Plaintiff and Defendants. Dkt. No. 16. About one month later, on September 8, 2025, Plaintiff filed an amended complaint against Defendants. Dkt. No. 25. The same day, Plaintiff filed a motion for leave to file a second amended complaint, dkt. no. 26, attached to which was a proposed second amended complaint, id. at 5-7. In the amended complaint and proposed second amended complaint, Plaintiff brings the same state law claims but adds a claim for "violation of Bankruptcy Code (Federal Question, Title 11)." See

2

Dkt. No. 25 at 2, Dkt. No. 26 at 6. Additionally, Plaintiff abandoned his allegation of diversity jurisdiction and instead alleges the Court has subject matter jurisdiction based on existence of a federal question under 28 U.S.C. §§ 1331 and 1334. See Dkt. No. 25 at 1, Dkt. No. 26 at 5. According to Plaintiff, the amendments serve to "clarify jurisdictional bases and claims," "[a]djust the amount of damages sought," and "[r]equest recovery of attorney's fees and costs." Dkt. No. 26 at 2. On September 22 and October 7, 2025, Defendants Braziel and Servbank moved to dismiss Plaintiff's amended and second amended complaints. Dkt. Nos. 30, 34. Defendant Braziel again argues the Court lacks subject matter jurisdiction over this case, pursuant to Federal Rule of Civil Procedure 12(b)(1). Dkt. No. 30. Defendant Servbank argues Plaintiff fails to state a claim for which relief can be granted, pursuant to Federal Rule of Civil Procedure 12(b)(6). Plaintiff opposes the motions. Dkt. Nos. 31, 32, 35.

## LEGAL AUTHORITY

"'If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded' to the state court from whence it came." Univ. of S. Ala. v. Am. Tobacco Co., 168 F.3d 405, 410 (11th Cir. 1999) (quoting 28 U.S.C. § 1447(c)).

"An amended complaint can invoke subject matter jurisdiction by correcting inaccurate jurisdictional allegations." Hope

Hospice, Inc. v. United States, No. 2:22-CV-01365-SGC, 2023 WL 8357960, at *7 (N.D. Ala. Dec. 1, 2023) (citing Newman-Green, Inc. v. Alfonzo-Larrain, 490 U.S. 826, 830-32 (1989) (explaining 28 U.S.C. § 1653 allows a party to amend "incorrect statements about jurisdiction that actually exists, and not defects in the jurisdictional facts themselves")); see also 28 U.S.C. § 1653 ("Defective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts."). A plaintiff "can invoke subject matter jurisdiction by abandoning one alleged (but flawed) basis for the exercise of subject matter jurisdiction and substituting another before the jurisdictional issue has been raised." Id. (citing Newman-Green, 490 U.S. at 837 (holding appellate courts, like district courts, may permit amendment of complaint to dismiss dispensable, non-diverse defendant); Garcia v. Church of Scientology Flag Serv. Org., Inc., No. 18-13452, 2021 WL 5074465, at *4 (11th Cir. 2021) (holding district court properly granted plaintiffs' leave to amend complaint to drop dispensable defendants whose presence otherwise would defeat diversity jurisdiction)).

## DISCUSSION

This Court clearly did not have subject matter jurisdiction over this case based on Plaintiff's original complaint. Dkt. No. 1. Therein, Plaintiff asserted only state law claims, so no federal question jurisdiction existed, and diversity of

4

citizenship was lacking because both Plaintiff and Defendant Braziel are citizens of Georgia.

As for Plaintiff's amended complaint, it was not filed as a matter of right, with consent of the parties or with leave of Court. See Fed. R. Civ. P. 15(a). Nevertheless, "[t]he court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). Because Plaintiff's chance to cure the lack of subject matter jurisdiction rests upon amendment, the Court deems Plaintiff's amended complaint, dkt. no. 25, to be the operative pleading.[3]

In the amended complaint, Plaintiff asserts this Court has subject matter jurisdiction to decide this case based on 28 U.S.C. §§ 1331 and 1334, which discuss the requirements for federal-question jurisdiction and jurisdiction over Title 11 bankruptcy matters, respectively. Under § 1334, "the district courts shall have original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11." 28 U.S.C. § 1334(b). Section 1334(b) "confers two types of federal bankruptcy jurisdiction—'arising under' jurisdiction and 'related to' jurisdiction." Hill v. Re,

---

[3] Defendant Braziel's motion to dismiss Plaintiff's initial complaint, dkt. no. 16, is therefore **DENIED as moot**. Dresdner Bank AG v. M/V Olympia Voyager, 463 F.3d 1210, 1215 (11th Cir. 2006) (internal quotation marks and citation omitted) (An amended pleading "supersedes the former pleading" such that "the original pleading is abandoned by the amendment, and is no longer a part of the pleader's averments against his adversary.").

5

574 B.R. 322, 330 at n.5 (N.D. Ga. 2017). "Proceedings arise under title 11 where the Bankruptcy Code itself creates the cause of action or provides the substantive right invoked." Reyes-Colón v. Banco Popular de Puerto Rico, 110 F.4th 54, 65 (1st Cir. 2024) (citing Stoe v. Flaherty, 436 F.3d 209, 217 (3d Cir. 2006)). "'"Arising in" proceedings generally are those that are not based on any right expressly created by title 11, but nevertheless, would have no existence outside of the bankruptcy.'" Hutchins v. Shatz, Schwartz & Fentin, P.C., 494 B.R. 108, 114 (D. Mass. 2013) (quoting In re Middlesex Power Equip & Marine, Inc., 292 F.3d 61, 68 (1st Cir. 2002) (internal quotation marks omitted)). "Courts generally hold that claims against professionals for alleged misconduct that occurred during the administration of a bankruptcy estate fall under the 'arising in' [Title 11] jurisdiction of the federal courts." Id. (citing Baker v. Simpson, 613 F.3d 346, 351 (2nd Cir. 2010); In re Seven Fields Dev. Corp., 505 F.3d 237, 260-63 (3rd Cir. 2007); Grausz v. Englander, 321 F.3d 467, 471-72 (4th Cir. 2003); In re Southmark Corp., 163 F.3d 925, 931 (5th Cir. 1999)). In Plaintiff's amended complaint, he expressly invokes Title 11 with regard to his bankruptcy violation claim against Defendants. Dkt. No. 25 at 2.

Pursuant to 28 U.S.C. § 157(a), district courts may refer Title 11 matters to the bankruptcy courts. 28 U.S.C. § 157(a) ("Each district court may provide that any or all cases under title

6

11 and any or all proceedings arising under title 11 or arising in or related to a case under title 11 shall be referred to the bankruptcy judges for the district."). The United States District Court for the Southern District of Georgia has referred "[a]ll cases under Title 11 U.S.C. and all proceedings arising under Title 11 U.S.C. or arising in or related to a case under Title 11 U.S.C." to the bankruptcy court. In re Seymore, Nos. 14-10931, 14-11543, 2015 WL 3647761, at *1 (S.D. Ga. Apr. 23, 2015) (quoting Standing Order, In re Jurisdiction of the United States Bankruptcy Court for the Southern District of Georgia (S.D. Ga. July 13, 1984) (Alaimo, CJ)). Because Plaintiff's claims arise in Title 11, the Court concludes referral of the pending motions to the Bankruptcy Court is appropriate. See In re Williford, 222 F. App'x 843, 844 (11th Cir. 2007) ("A bankruptcy judge has jurisdiction to hear a non-core adversary proceeding and enter a report and recommendation." (citing 28 U.S.C. § 157(c)(1))).

## CONCLUSION

Defendant Braziel's motion to dismiss the original complaint, dkt. no. 16, is **DENIED as moot.** The Clerk is **DIRECTED** to refer the remaining pending motions, dkt. nos. 26, 28, 30, 34, to the U.S. Bankruptcy Court for the Southern District of Georgia.

**SO ORDERED,** this 15th day of October, 2025.

_____
HON. LISA GODBEY WOOD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA