# In the United States District Court for the Southern District of Georgia Savannah Division

DOUGLAS BURGESS, JR.,

    Plaintiff,

v.

ATTORNEY BARBARA B. BRAZIEL and SERVBANK,

    Defendants.

CV 4:25-143

**ORDER**

Before the Court is *pro se* Plaintiff Douglas Burgess's motion for entry of default judgment. Dkt. No. 38. Plaintiff argues that Defendant Servbank has made "no plea" and entered no defense, and, therefore, default judgment is warranted. Plaintiff's motion is **DENIED**.

Under Federal Rule of Civil Procedure 55, a plaintiff must follow a two-step process when seeking default judgment. Hall v. City of Atlanta, No. 1:18-cv-4710, 2019 WL 13193923, at *1 (N.D. Ga. Dec. 23, 2019). "First, the plaintiff must petition the clerk to enter default, proving to the clerk that the defendant has not answered or otherwise defended the allegations in the complaint." Id. "If that failure is affirmatively shown, the clerk must enter default." Id. "If the plaintiff also included a claim for a sum certain, or a claim that can be ascertained by the clerk via

computation, then the clerk must also enter default judgment for that amount." Id. "If the claim is not for a sum certain, or cannot be ascertained via calculation, then the plaintiff must move the court for the entry of default judgment." Id. (citing Fed. R. Civ. P. 55; Frazier v. Absolute Collection Serv., Inc., 767 F. Supp. 2d 1354, 1360 n.1 (N.D. Ga. 2011) ("First, the clerk must enter a party's default . . . . Second, after a default is entered, the party must then apply to the court for a default judgment.")). "Based on this rule, the clerk's entry of default is a prerequisite for seeking default judgment." Id. (citing Frazier, 767 F. Supp. 2d at 1360 n.1 ("[T]he clerk's entry of default must precede an application for default judgment.")).

Here, Plaintiff has not sought the clerk's entry of default. Default judgment against Defendant Servbank is therefore not proper. Further, even if the Court were to construe Plaintiff's motion as one for the entry of default against Defendant Servbank, that motion, too, would be denied. Federal Rule of Civil Procedure 55(a) provides that "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Here, there is no affidavit or other evidence on the record to show that Defendant Servbank was properly served with process. Entry of default is therefore not warranted.

2

**SO ORDERED**, this **20** day of October, 2025.

_____
HON. LISA GODBEY WOOD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA